JOHN DOE [IP address 96.229.219.234]
1705 - A Belmont Ln.
Redondo Beach, 90278
Phone: (714) 482-3363
In Pro Se

FILED

APR 30 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SMASH PICTURES,

    Plaintiff,

vs.

DOES 1-590

    Defendants.
_____/

CIV. NO. S-12-0302 JAM CKD

MOTION TO QUASH OR MODIFY
SUBPOENA AND MOTION TO DISMISS

## MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

I, John Doe IP address 96.229.219.234 hereinafter "John Doe" received a copy of a subpoena on March 31, 2012 from Verizon Internet Services. According to representations made by Verizon Internet Services, the subpoena was served upon Verizon Internet Services at a San Angelo, Texas address. The subpoena calls for production at an office in Sacramento, California. San Angelo, Texas, is more than 1500 (one thousand five hundred) miles from Sacramento, California.

John Doe is a private citizen who lives more than 350 (three hundred and fifty) miles from Sacramento, California. Defendant has been informed by Verizon Internet Services that Plaintiffs have asked Verizon Internet Services to disclose Defendant's identification to Plaintiffs, including Defendant's name, current (and permanent) addresses, and Defendant's email address and Media Access Control number.

- 1 -

MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

The attached order to Verizon Internet Services alleges that the Defendants downloaded pornography. John Doe considers the allegations to be untrue with respect to himself, as well as offensive and sensitive. An IP address is under no law; grounds to neither associate nor identify a sole individual with any unlawful act. This has caused John Doe a great amount of stress and anxiety being accused of wrongdoing in which John Doe has no knowledge of.

Plaintiff may argue that this motion should be dismissed because of its anonymous filing. The reason for filing this motion anonymous is because John Doe fears retaliation by Plaintiff. The nature of this fear is validated by a recent declaration filed by a copyright infringement lawyer in Virginia, *Declaration in Support of Motion for Reconsideration and Response to Show Cause Order, 10 Oct 11, Patrick Collins v. John Does 1-58, 3:11-cv-00531-JAG* (Exhibit A).

> Plaintiff was voluntarily dismissing movants who were seeking to sever Doe Defendants and suing each of them individually in hopes that by doing so, it would cause future Doe Defendants in similar litigations in this District and around the country to stop filing these motions.

By filing this motion, John Doe draws attention to Plaintiff's questionable action of how they pursue this and other copyright infringements cases. John Doe files this motion under an anonyms name for fear of being singled out by Plaintiff for selective prosecution.

## ARGUNENTS

1. The subpoena is invalid as it fails to state the court from which the subpoena has issued, and the court in which it is pending, in violation of Fed. R. Civ. P. (a)(1)(A), and therefore is defective on its face, and fails to establish jurisdiction over Verizon Internet Services, John Doe or the Doe Defendants. Therefore, the subpoena is invalid and unenforceable.

2. The subpoena should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(ii), because it requires the custodian of records of Verizon Internet Services located in San Angelo, Texas, to produce documents at the office of Plaintiff's counsel in Sacramento, California, which is more than 1500(one thousand five hundred) miles away.

In addition, the subpoena should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(iii), because the subpoena subjects John Doe, apparently an identified customer of Verizon Internet

**MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS**

Services, to an undue burden, in that his name will be revealed to Plaintiff, resulting in the invasion of Defendant's privacy, and causing Defendant, a private working citizen, to have to defend himself in an action more than 350 (three hundred fifty) miles from his home.

Moreover, an IP address do not by themselves qualify as personal information that is capable of accurately identifying an individual and the infringer is unknown and may be outside of the court's jurisdiction.

3. Joinder is improper as Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions.

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. *In LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. Moreover, in a recent case with similar facts in the Northern District of California found improper joinder and severed the Does because "Plaintiff has failed to show any right to relief against defendants arising out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2)(A)" *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533* (2001)

Plaintiff may argue its allegations are based upon use of the Internet to infringe a single work. While that may accurately describe the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 1-203*, 2004 WL 953888, at *1.

**MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS**

Further, the individual Defendants have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases, but that does not mean these well-established joinder principles should not be followed here.

## CONCLUSION

The plaintiff has no grounds for accusing anyone based on an IP address, which is changed randomly by ISP companies and can be hacked into by anyone on both secured and unsecured connections. The plaintiff does not have jurisdiction for the information they are trying to produce from their subpoena. For the aforementioned reasons, Defendant John Doe respectfully requests that the Court quash the subpoena for violations of Federal Rules of Civil Procedure; Rule 45(a)(1)(A), Rule 45(c)(3)(A)(ii), and Rule 45 (c)(3)(A)(iii). Furthermore, Defendant John Doe respectfully requests that the court quash the subpoena or sever and drop defendants from the case, due to improper joinder of Doe Defendants 1-590. Joinder of Doe defendants in this lawsuit is improper and raises serious questions of individual fairness and justice.

Respectfully submitted,

Date: April 30, 2012

_____
John Doe
Pro se

- 4 -

**MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS**

## CERTIFICATE OF SERVICE

I hereby certify that on 4/30/2012, I served a copy of the foregoing document, via certified US Mail upon:

Scott M. Hervey Esq.
Attorney for Smash Pictures
400 Capitol Mall,
11th floor,
Sacramento, CA 95814

— 5 —

**MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS**