1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SMASH PICTURES,

11              Plaintiff,                    No. 2:12-cv-301 JAM CKD

12        vs.

13   DOES 1-265,

14              Defendants.

15   _____/

16   SMASH PICTURES,

17              Plaintiff,                    No. 2:12-cv-302 JAM CKD

18        vs.

19   DOES 1-590,

20              Defendants.          ORDER AND FINDINGS AND

21                                   RECOMMENDATIONS

22   _____/

23            In these actions, plaintiff alleges copyright infringement of pornographic motion

24   pictures against Doe defendants.  In the course of monitoring Internet-based infringement of its

25   copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution

26   of the subject motion pictures by the Doe defendants via the Bit Torrent file transfer protocol.

1

Although plaintiff does not know the actual names of the Doe defendants, plaintiff's agents created a log identifying the Doe defendants by their IP addresses and the dates and times of their alleged unlawful activity.  The IP addresses, internet service providers ("ISPs"), and dates and times of the alleged unlawful activity by the Doe defendants are identified in exhibits to plaintiff's complaints.

The undersigned granted expedited discovery to serve Rule 45 subpoenas on the ISPs to obtain the names, addresses, telephone numbers, and e-mail addresses of the Doe defendants.  Pending before the court are several motions to quash brought by various Doe defendants in each of the actions.  In the motions, the Doe defendants have correctly asserted that the mass joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20.  Given the technical complexities of BitTorrent swarm functions, as set forth in plaintiff's supporting affidavits, it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity.  See, e.g. Boy Racer, Inc. v. Does 1-60, 2001 WL 3652521 (N.D. Cal. Aug. 19, 2011).  Under these circumstances, permissive joinder under Federal Rule of Civil Procedure 20(a)(2) is not warranted.

Moreover, it appears that venue in this District is inappropriate for several of the Doe defendants.  Defendants residing in Oregon and in Santa Clara County, which is part of the Northern District of California, have moved to quash on the basis of improper venue.  Plaintiff has made no attempt to establish that venue is proper for the Doe defendants alleged in these actions and improperly invokes the general venue statute, 28 U.S.C. § 1391.  However, under the applicable venue statute, 28 U.S.C. § 1400(a), actions relating to copyright may be "instituted in the district in which the defendant or his agent resides."  As it is established that venue is improper for some of the Doe defendants and permissive joinder is not appropriate, the court will grant the motions to quash and each action will recommend that all but defendant Doe 1 be dismissed without prejudice under Federal Rule of Civil Procedure 21.

\\\\\\

1        Accordingly, IT IS HEREBY ORDERED that:

2        1. The orders granting leave to take expedited discovery (no. 2:12-cv-301, dkt.

3  no. 7; 2:12-cv-302, dkt. no. 10) are vacated;

4        2. The motions to quash (no. 2:12-cv-301, dkt. nos. 8, 10, 11, 12, 15, 16; no.

5  2:12-cv-302, dkt. nos. 11, 12, 16, 17) are granted;

6        3. Plaintiff shall serve a copy of this order on the ISPs who were served with a

7  subpoena. The ISPs, in turn, shall serve a copy of this order upon its relevant subscribers within

8  30 days from the date of service upon them. The ISPs may serve the subscribers using any

9  reasonable means, including written notice sent to the subscriber's last known address,

10  transmitted either by first-class mail or via overnight service, or by e-mail notice; and

11        IT IS HEREBY RECOMMENDED that:

12        1. Does 2-265 in case no. 2:12-cv-301 JAM CKD and Does 2-590 in case no.

13  2:12-cv-302 JAM CKD be dismissed without prejudice.

14        These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

16  fourteen days after being served with these findings and recommendations, any party may file

17  written objections with the court and serve a copy on all parties. Such a document should be

18  captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

19  objections shall be served and filed within seven days after service of the objections. The parties

20  are advised that failure to file objections within the specified time may waive the right to appeal

21  the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22  Dated: June 14, 2012

23

24  CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

25

26  4
   smash.stn